[Civ. No. 21699. Second Dist., Div. One. Apr. 24, 1956.]

ARNOLD LITT, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Louis D. Morrison for Petitioner.

S. Ernest Roll, District Attorney, and Fred N. Whichello, Deputy District Attorney, for Respondent.

NOURSE (Paul), J. pro tem.*—The District Attorney of Los Angeles County having by an information containing six counts charged the petitioner with that number of violations of section 487, subdivision 1, of the Penal Code, in that he did willfully, unlawfully and feloniously take certain moneys from Self Service Furniture Mart, a corporation, and the defendant's motion, made pursuant to the provisions of section 995 of the Penal Code to set aside this information and all counts thereof, having been denied, the defendant, as petitioner here, seeks a writ of prohibition to prevent his further prosecution upon the information.

We have come to the conclusion that a writ should issue as to counts 1, 2, and 3, but that the People are entitled to proceed against petitioner upon the remaining counts.

The facts in the matter are: Petitioner, hereinafter called defendant, was at all relevant times the treasurer of Self Service Furniture Mart, a corporation; one Becker was the president of that corporation, and one Jastro the vice-president.

The corporation maintained a commercial account in the Long Beach National Bank prior to September 22, 1954; a signature card filed with the bank as to the account required checks upon the account to be signed by any two of the above-mentioned officers of the corporation.

On September 22 Jastro and Litt caused a new signature card to be filed with the bank which required the signatures of Jastro and Litt only. On the morning of September 22, 1954, a check drawn upon this account in the sum of $10,000 was signed by Jastro and Litt. At the time Jastro signed it the name of the payee was left blank, but he testified that it was intended that the corporation be named as payee and that it be deposited to the account of the corporation in a new account to be opened by Litt in the name of the corporation with a branch of the Bank of America.

*Assigned by Chairman of Judicial Council.

On September 23 defendant did open a commercial account with the Bank of America in the name of Self Service Furniture Mart, but in the signature card stated that he was doing business under that name and was the sole owner of the business. He deposited the $10,000 check, on which he had filled in his name as payee, in this account. This transaction is the basis of count 5 of the information.

On the afternoon of September 22 Jastro and Litt drew another check upon the corporation's account in Long Beach National Bank, this check being in the sum of $5,000. This check, like the $10,000 check, did not contain the name of the payee at the time it was signed by Jastro, and Jastro again testified that it was the understanding that the corporation would be named payee and that it would be deposited to the credit of the corporation in an account to be opened with the Bank of America. Petitioner filled in his name as payee and cashed the check on the following day at the drawee bank, and on the same day deposited $5,000 to the account that he had opened at the Bank of America as hereinbefore described. This second transaction is the basis of count 6 of the information.

From the facts we have recited it is apparent that there was ample evidence to justify the committing magistrate in holding the defendant to answer upon charges of violations of section 487, subdivision 1, in both instances. ■ Petitioner claims that if there was a misappropriation of the corporation's funds through the two transactions, they in reality constituted but one misappropriation, and asks us to order a joinder of counts 5 and 6. This we have no power to do, and it is a matter which should be addressed to the trial court by proper proceedings there.

■ On September 24, Jastro and Litt drew a further check upon the corporation's account in the Long Beach National Bank, this check being in the sum of $3,750. This check, under the description of the item for which it is drawn in payment, bears the notation ''repayment of loan.'' The check is made payable to defendant, who cashed the check at the drawee bank. Both Jastro and Becker testified that the corporation had not borrowed any money from the defendant and was not indebted to him on September 24, 1954, or at any other time. This transaction is the basis for count 4 of the complaint, and the evidence which we have recited was entirely sufficient to warrant the committing magistrate in holding the defendant to answer.

After the deposits of $10,000 and $5,000 in the account opened by the defendant at the Bank of America, no further deposits were made in that account. At the preliminary hearing the People introduced into evidence a statement of that account. From this it appears that there was withdrawn from that account on September 27 the sum of $5,500, on September 28 the further sum of $5,500, on October 1, 1954, the sum of $2,250, and on December 7, 1954, $1,746.55, which, with certain service charges made by the bank, closed out the account. No evidence whatsoever was offered by the People at the preliminary hearing as to whom the checks for these withdrawals were made payable, or for what purpose the withdrawals were made, except that it may be inferred from the evidence that the last withdrawal was made by the corporation. The other three withdrawals are the basis, respectively, for counts 1, 2, and 3 of the information.

We fail to find anything in the evidence received by the committing magistrate to uphold these counts. If the withdrawals of $10,000 and $5,000 from the Long Beach National Bank by the defendant, and his deposits of them to his own credit at the Bank of America, were done with the intent of appropriating those funds to his own use, then the misappropriation was complete when he withdrew the money and so deposited it, and further withdrawals from his own account could not be the basis for any further criminal charge against him.

On the other hand, if the deposits in the Bank of America were for the benefit of the corporation, despite the fact that the defendant had represented that he was the sole owner of the business and was the only one who could draw upon the account, then there is no evidence whatsoever that the withdrawals from that account constituted misappropriations of the funds of the corporation, for there is no evidence that any of them was for other than a corporate purpose; and to hold otherwise would be to substitute conjecture for evidence.

Let a peremptory writ of prohibition issue, enjoining the respondent court from proceeding upon counts 1, 2, and 3 of the information SC Number 178057. As to the other three counts, a peremptory writ is denied and the alternative writ is discharged.

White, P. J., and Fourt, J., concurred.